Kent F. Larsen, Esq.
Nevada Bar No. 3463
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
SMITH LARSEN & WIXOM
Hills Center Business Park
1935 Village Center Circle
Las Vegas, Nevada 89134
Tel:  (702) 252-5002
Fax:  (702) 252-5006
Email: kfl@slwlaw.com
       jtp@slwlaw.com
       kw@slwlaw.com
Attorneys for Defendants
JPMorgan Chase Bank, N.A.,
California Reconveyance Company,
Mortgage Electronic Registration
Systems, Inc. and MERSCORP, Inc.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL HAM, MIRANDA HAM, individuals, <br><br> Plaintiffs, <br><br> v. <br><br> JPMORGAN CHASE BANK N.A.; CALIFORNIA RECONVEYANCE COMPANY; MERSCORP, INC., a Virginia Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a subsidiary of MERSCORP, Inc., a Delaware corporation; AND DOES I individuals 1 to 100, Inclusive; and ROES Corporations 1 to 30, Inclusive; and all other persons or entities unknown claiming any right, title, estate, lien or interest in the real property described in the Complaint adverse to Plaintiff's ownership, or any cloud upon Plaintiff's title thereto, <br><br> Defendants. | CASE NO.   2:11-cv-01544-KJD-RJJ <br><br> **MOTION FOR STAY OF LITIGATION AND DISCOVERY PROCEEDINGS PENDING A DETERMINATION ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS** |

Defendants JPMorgan Chase Bank, N.A. ("Chase"), California Reconveyance Company ("CRC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and MERSCORP, Inc. ("MERSCORP") (collectively, "Defendants") by and through their counsel, respectfully request that the Court stay all litigation and discovery proceedings in this matter pending the Court's resolution of Defendants' Motion for Judgment on the Pleadings [Doc. 26] ("Motion for Judgment"), and Motion to Cancel and Expunge Lis Pendens [Doc. 27] ("Motion to Expunge"), which were filed on February 29, 2012.[1] Defendants respectfully submit that granting this request is in the interests of judicial economy and will afford the Court with an opportunity to dispose of this unfounded lawsuit without the parties incurring unnecessary additional fees and costs. *See, e.g., Mediterranean Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (temporary stay of proceedings applicable to preserve judicial efficiency and fairness); *Stock v. Commissioner of the Internal Revenue Service*, 2000 WL 33138102 (D. Idaho) (temporary stay of proceedings during pendency of motion is proper where the interests of judicial economy are served).

A district court has broad discretion to stay proceedings as incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997). The authority to stay proceedings is particularly appropriate where it will serve the interests of judicial efficiency and fairness during the pendency of a court's decision on a dispositive motion. *Stock*, 2000 WL 33138102, at *2. Specifically, the court in *Stock* held:

. . .

. . .

---

[1] Defendants have recently served Plaintiffs with written discovery requests and have noticed the deposition of each of the Plaintiffs. If the Court grants this motion to stay prior to the deposition dates (March 12, 2012), Defendants are amenable to vacating and, if necessary, rescheduling the depositions. However, whether the motion to stay is granted or not, Plaintiffs should be required to fully respond to Defendants' pending written discovery requests, in the ordinary course, within thirty days of service thereof.

> The court finds that it is in the interest of judicial economy to temporarily stay the advance of discovery until such time as the Court hears oral argument on and decides the motions to dismiss which are pending.

*Id.*

Likewise, in *Mediterranean Enterprises, Inc.*, the Ninth Circuit stated:

> [A] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.

*Mediterranean Enterprises, Inc.*, 708 F.2d at 1465.

Here, Defendants respectfully submit that their Motion for Judgment, which is currently pending before this Court, has substantial merit, and that no proceedings during the pendency of the Motion for Judgment and Motion to Expunge are necessary or warranted. As explained more fully in the Motion for Judgment, Plaintiffs' Complaint in no way states any viable claim for relief as against Chase, CRC, MERS or MERSCORP, and it is legally unsustainable.

In light of the foregoing, Defendants respectfully submit that the Court should exercise its inherent authority to protect both the Court and the Defendants herein from unnecessary time and expense with respect to Plaintiffs' unsustainable claims, and grant the instant motion to stay.

DATED this 29 day of February, 2012.

SMITH LARSEN & WIXOM

_____
Kent F. Larsen, Esq.
Nevada Bar No. 3463
Joseph T. Prete, Esq.
Nevada Bar No. 9654
Katie M. Weber, Esq.
Nevada Bar No. 11736
1935 Village Center Circle
Las Vegas, Nevada 89134
Attorneys for Defendants
JPMorgan Chase Bank, N.A.,
California Reconveyance Company,
Mortgage Electronic Registration
Systems, Inc. and MERSCORP, Inc.

SO ORDERED.
DATE: MARCH 7, 2012

_____
UNITED STATES MAGISTRATE JUDGE

3