UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MICHAEL HAM, *et al*.,

    Plaintiffs,

v.

JP MORGAN CHASE BANK N.A., *et al*.,

    Defendants.

Case No. 2:11-CV-01544-KJD-RJJ

**ORDER**

      Presently before the Court is Defendants' Motion for Judgment on the Pleadings (#26). Plaintiffs filed a response in opposition (#34) to which Defendants replied (#35). Also before the Court is Plaintiffs' Motion for an Order to Show Cause (#37). Defendants filed a response in opposition (#38) to which Plaintiffs replied (#39).

I.  Background

      On or about January 14, 2005, Plaintiffs executed a Note in the amount of $343,966.00 which was secured by a Deed of Trust recorded against property located at 4701 Sun Glory Court, Las Vegas, NV 89130 ("the Property"), on February 1, 2005. The Note and Deed of Trust authorized non-judicial foreclosure against the Property in the event Plaintiffs defaulted and failed to cure. The lender was non-party Ameriquest Mortgage Company ("Ameriquest"). Town and Country Title Services, Inc. was named Trustee under the Deed of Trust.

On or about January 23, 2009, Ameriquest assigned the Deed of Trust and Note to Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Defendant JP Morgan Chase Bank, N.A. ("Chase"). On or about April 16, 2009, MERS assigned the deed of trust and note to JPMC Specialty Mortgage LLC. On February 23, 2011, JMPC Specialty Mortgage substituted Defendant California Reconveyance Company ("CRC") as Trustee. On February 24, 2011, CRC recorded Notice of Default and Election to Sell. Notice of Trustee's Sale was recorded July 22, 2011. While the Property was sold at the trustee's sale on August 30, 2011, the sale was rescinded on December 12, 2011.

The present action was filed on August 9, 2011, in Nevada state court. Defendants removed the action on September 26, 2011. Plaintiffs assert claims for unfair lending practices, deceptive trade practices, wrongful foreclosure, conspiracy to commit conversion, unjust enrichment, quiet title and breach of the covenant of good faith and fair dealing. Plaintiffs seek remedies of inspection and accounting, rescission, monetary damages and injunctive and declaratory relief. However, in response to Defendants' motion for judgment on the pleadings, Plaintiffs have failed to directly address the Defendants' arguments that each claim should be dismissed. Plaintiffs have only argued that their claims are adequately pled. Furthermore, Plaintiffs have made general statements that they should be allowed to amend their complaint not to cure defects identified by Defendants, but to "assert additional causes of action and supplement VERIFIABLE evidence of fact via securitization analysis" (capitalization in original). Plaintiffs did not attach a proposed amended complaint as required by Local Rule 15-1(a).

II.  Standard for Judgment on the Pleadings

Pursuant to Federal Rule of Civil Procedure 12(c), "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Rule 12(c) is "functionally identical" to Rule 12(b)(6), and the "same standard of review" applies to a motion brought under either rule. Cafasso v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Judgment on the pleadings is appropriate when, even if all material facts in the

pleading under attack are true, the moving party is entitled to judgment as a matter of law.  Hal Roach Studios Inc. v. Ricard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).  However, the court does "not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." Paulsen v. CNF Inc., 559 F.3d 1061, 1071 (9th Cir. 2009).

III.  Analysis

    A. Unfair Lending Practices

First, Plaintiffs' unfair lending practices claims do not assert any facts that involve the named Defendants.  Instead, the facts cited by Plaintiff involve the unnamed lender, Ameriquest.  Consequently, the Court dismisses those claims without leave to amend.  Even if the Court did grant leave to amend, doing so would be futile because the statute of limitations under section 598D.100 is three years.  See Nev. Rev. Stat. § 11.190(3)(a).  The present loan was obtained no later than February 1, 2005 and the present action was filed on August 9, 2011.  Finally, amending the claims would be futile, because in 2005, the statute did not apply to mortgages that qualify as "residential mortgage transactions[.]" See Nev. Rev. Stat. § 598D.040 (2005); 15 U.S.C. § 1602(aa)(1), (w).  Therefore, the unfair lending practices claims are dismissed.

    B.  Deceptive Trade Practices Claim

Like the unfair lending practices claims, the Deceptive Trade Practices claims fail to state facts that apply to the named defendants.  Additionally, the claims are based in fraud and have not been pled with particularity as required by Federal Rule of Civil Procedure 9(b).  Therefore, those claims are dismissed for failure to state a claim upon which relief may be granted.  Furthermore, amendment would be futile because the claims are barred by the statute of limitations.  The applicable period is four years and Plaintiffs failed to address why they could not have discovered the deceptive practices before the limitations period ran.  Therefore, the claims based on the Nevada Deceptive Trade Practices Act are dismissed.

///

///

### C. Conspiracy to Commit Conversion

Plaintiffs' conspiracy claims must also be dismissed. Plaintiffs cannot establish any unlawful conduct by any of the Defendants or any agreement between Defendants to engage in misconduct for the primary purpose of harming Plaintiffs. See, e.g., Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc., 971P.2d 1251, 1256 (1988). To the extent Plaintiffs' claim is based on allegations of fraudulent inducement, the claim fails because fraud has not been alleged with the requisite degree of specificity, and because a fraudulent inducement claim only lies where there is a fiduciary duty between the parties, something which is absent here. See, e.g., Gomez v. Countrywide Bank, FSB, 2009 WL 3617650 (D. Nev. Oct. 26, 2009); Weingartner v. Chase Home Fin., 2010 WL 1006708, at *9 (D. Nev. 2010); Fed.R.Civ.P. 9(b). Finally, the claim fails because there can be no conversion of real property, or conversion of funds already owed under a loan agreement. See, e.g., Goodwin v. Executive Trustee Services, LLC, 680 F. Supp. 2d 1244, 1255 (D. Nev. 2010). Therefore, amendment would be futile.

### D. Wrongful Foreclosure

Plaintiffs' wrongful foreclosure claims fail, because Plaintiffs do not dispute that they are in default and cannot cure the default.[1] Nevada recognizes the tort claim of wrongful foreclosure where homeowners allege that a lender wrongfully exercised the power of sale and foreclosed upon their property when they were not in default on the mortgage loan. See Collins v. Union Fed. Sav. & Loan Ass'n, 662 P.2d 610, 623 (Nev. 1983). However, Plaintiffs do not dispute their delinquency on the mortgage.

Furthermore, Plaintiffs' allegations include an assertion that foreclosure would be wrongful because Defendants failed to meaningfully review Plaintiffs for a HAMP loan modification. This claim must be dismissed because the Note and Deed of Trust do not require Defendants to consider

---

[1] Plaintiffs' vague allegation that they were not in default because unknown third-party insurers paid off the balance, at least in part, of the note has been rejected by other courts. See Green v. Countrywide Home Loans, Inc., 3:09-cv-374, *4 (D. Nev. Jan. 12, 2010)(this vague allegation "even if . . . true, is not tantamount to assertion that Plaintiffs were not in default on their mortgages").

1  modification in the event of default.  Further, there is no private right of action for alleged
2  misconduct under HAMP.  See Benito v. Indymac Mortgage Servs., 2010 WL 2130648 (D. Nev.
3  May 21, 2010); Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1211 (9th Cir.
4  1999)(parties that benefit from a government contract are generally assumed to be incidental
5  beneficiaries and may not enforce the contract absent a clear intent to the contrary).  The vast
6  majority of courts to consider the issue have determined that borrowers are incidental beneficiaries of
7  HAMP and not entitled to enforce its provisions.  See Hoffman v. Bank of America, 2010 WL
8  2635773, at *3 (N.D. Cal. June 30, 2010)(collecting cases).[2]

9    Plaintiffs' contention that Defendants acted without authority must also be dismissed.  After
10 examining each document of which the Court may take judicial notice, the Court can find no
11 deficiency in the assignments of the Deed of Trust, substitutions of Trustee, or notices required in
12 Nevada statute.  Each party that acted was authorized to act as they did by the Deed of Trust, Note,
13 and by state statute.  Furthermore, Plaintiffs' claims regarding securitization of the Note and the
14 involvement of MERS have been foreclosed by Cervantes v. Countrywide Home Loans, 656 F.3d
15 1034, 1043-44 (9th Cir. 2011).[3]  The Court's review of the Deed of Trust and judicially noticed,
16 recorded documents demonstrates no defect as alleged by Plaintiff.

17    Finally, Plaintiffs' allegations that Defendants did not comply with the statutory requirements
18 of non-judicial foreclosure must fail, because they failed to allege any specific defect in the Notice of
19 Default or Notice of Sale.  Furthermore, any defect that did exist has been made moot by the
20 rescission of the Trustee's Sale.  Going forward, Plaintiffs shall have the benefit of all the
21 requirements of the statutory scheme, including the right to mediation through Nevada Assembly Bill
22 149 which amends Chapter 107 by adding a requirement that if the grantor or person holding title of

---

[2] Plaintiffs' tenth claim for relief–Breach of the Covenant of Good Faith and Fair Dealing–must be dismissed, because its allegations relate to alleged rights asserted under HAMP.

[3] Similarly, Plaintiffs' fifth cause of action–Conspiracy to Conversion Related to MERS System–must be dismissed, because MERS was acting as agent for the beneficiary.  See Cervantes, 656 F.3d at 1044.

record notifies the trustee that it seeks mediation, the power of sale be stayed until completion of mediation. Therefore, the Court dismisses Plaintiffs' claim for wrongful foreclosure.

### E. Quiet Title

Plaintiffs' claim to quiet title must also be dismissed. In Nevada, a quiet title action may be brought "by any person against another who claims an…interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." N.R.S. § 40.010. In a claim for quiet title "the burden of proof rests with the plaintiff to prove a good title in himself." Velazquez v. Mortgage Electronic Registration Systems, Inc., 2011 WL 1599595, at *2 (D. Nev. Apr. 27, 2011) (quoting Breliant v. Preferred Equities Corp., 918 P.2d 314, 318 (Nev.1996)). In this action, since the foreclosure sale has been rescinded, no other party asserts an adverse claim to title.

Additionally, an action to quiet title requires a plaintiff to allege that she has paid any debt owed on the property. See Ferguson v. Avelo Mortgage, LLC., 2011 WL 2139143, at *2 (Cal. App. 2d June 1, 2011). Essentially, "he who seeks equity must do equity." McQuiddy v. Ware, 87 U.S. 14 (1873). Although courts have power to vacate a foreclosure sale where there has been fraud, such as sham bidding and the restriction of competition, or inadequacy of price coupled with other circumstances of fraud in the procurement of the foreclosure decree, or where the sale has been improperly, unfairly or unlawfully conducted, "an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security." Arnolds Mgmt. Corp. v. Eischen, 158 Cal. App. 575, 578 (Cal. Ct. App. 1984). See also FPCI RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App. 3d 1018, 1021 (Cal. Ct. App. 1989) ("[t]he rationale behind the rule is that if plaintiffs could not have redeemed the property had the sale procedures been proper, any irregularities in the sale did not result in damages to the plaintiffs"). Therefore, Plaintiffs' claim to quiet title is dismissed.

### F. Inspection and Accounting

To allege a claim for inspection and accounting a plaintiff must demonstrate that a fiduciary or trust relationship exists between the parties. McCurdy v. Wells Fargo, 2010 WL 4102943 (D. Nev.

2010). A fiduciary or trust relationship does not exist between a lender and a borrower. McCurdy (citing Giles v. GMAC, 494 F.3d 865, 882 (9th Cir. 2007)). Ordinarily, a special relationship does not exist between a lender and a borrower except in peculiar or unusual circumstances. Giles, 494 F.3d at 882. Therefore, since the request for inspection and accounting is not tethered to an actionable claim and because there is no fiduciary or trust relationship between the parties, the Court dismisses the claim.

      G. Unjust Enrichment

Unjust enrichment requires that "a person has and retains a benefit which in equity and good conscience belongs to another." Ramanathan v. Saxon Mortg. Services, Inc., 2011 WL 6751373 *6 (D. Nev. 2011)(citing Leasepartners Corp. v. Robert L. Brooks Trust, 942 P.2d 182, 187 (Nev.1997)). An action "based on a theory of unjust enrichment is not available when there is an express, written contract, because no agreement can be implied when there is an express agreement." Ramanathan, at *6. Unjust enrichment only "applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another [or should pay for]." Id. Mortgages are express contracts and unjust enrichment does not apply. Green v. Countrywide Home Loans Inc., 2011 WL 5926750 (D. Nev. 2010).

Plaintiffs allege Defendants had an insurance policy to protect themselves in the event that the Property went into default and therefore already received compensation for the outstanding mortgage. Thus, to keep the Property would be unjust enrichment. Here, unjust enrichment does not apply because Plaintiffs are not the intended beneficiaries of any alleged insurance. Since, Plaintiffs' loan documents including the Deed of Trust and Note are express contracts, unjust enrichment cannot apply and the claim is dismissed.

      H. Remaining Causes of Action

Plaintiffs' remaining causes of action for injunctive relief, declaratory relief, and rescission all fail because the Court has dismissed the claims that relate to them. Plaintiffs have failed to

7

demonstrate a likelihood of success on the merits, any right to declaratory relief as requested, and have not shown, due to their own default, that equity requires rescission of the Note and Deed of Trust.  Therefore, the Court dismisses the tenth, eleventh and twelfth causes of action.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion for Judgment on the Pleadings (#26) is **GRANTED**;

IT IS FURTHER ORDERED that Defendants' Motion to Expunge Lis Pendens (#27) is **GRANTED**;

IT IS FURTHER ORDERED that Plaintiffs' Motion for an Order to Show Cause (#37) is **DENIED as moot**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants and against Plaintiffs.

DATED this 5th day of September 2012.

Kent J. Dawson
United States District Judge